# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-23-LRR |
| vs. | **ORDER** |
| JASON HARRIMAN, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Jason Harriman's Motion in Limine ("Motion") (docket no. 59).

## II. RELEVANT PROCEDURAL HISTORY

On April 2, 2010, a grand jury returned a three-count Indictment against Defendant. Counts 1 and 2 charge Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Count 3 charged Defendant with receipt of a firearm by a person under indictment for a felony, in violation of 18 U.S.C. § 922(n) and 18 U.S.C. § 924(a)(1)(D). On December 15, 2010, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 34) dismissing Count 3 of the Indictment. The Indictment also contains a forfeiture allegation.

On December 27, 2010, Defendant filed the Motion. On December 29, 2010, the government filed its Resistance (docket no. 67).

## III. ANALYSIS

In the Motion, Defendant asks the court to bar the admission of evidence related to: (1) his 1997 convictions for kidnapping and burglary; (2) recent state charges against him; and (3) his location when law enforcement arrested him. Defendant also asks the court to

require the government and defendant to utilize the same procedure when approaching witnesses. The court addresses each issue, in turn.

## A. Prior Convictions

The government states in its Resistance that it will not introduce evidence related to Defendant's 1997 convictions for kidnapping and burglary in its case in chief. Accordingly, the Motion is **GRANTED** as unresisted to the extent it seeks to exclude evidence of the convictions in the government's case in chief.

The government asserts, however, that these convictions could be admissible as impeachment evidence should Defendant choose to testify. "[E]vidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]" Fed. R. Evid. 609(a)(1). The rule also contains a time limit:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). Defendant was convicted of the crimes at issue on January 7, 1997.[1] According to the court's communication with the Iowa Medical and Classification Center, Defendant was paroled on June 30, 2004, and he discharged his parole in 2006. Thus, less than ten years have passed since Defendant's release from custody.

---

[1] In the Motion, Defendant asserts that he entered an *Alford* plea to the charges at issue. An *Alford* plea constitutes a "conviction" within the meaning of Rule 609. *See United States v. Lipscomb*, 702 F.2d 1049, 1070 (D.C. Cir. 1983).

The court finds that the fact of Defendant's prior convictions constitutes relevant impeachment evidence. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). The court also finds that the probative value of this impeachment evidence outweighs its prejudicial effect. *See* Fed. R. Evid. 609.

With respect to whether the nature of the prior convictions is admissible, the Eighth Circuit Court of Appeals has held that "[u]nder Rule 609, the witness' credibility may be attacked 'by establishing both the fact and nature of the witness' prior conviction.'" *United States v. Amahia*, 825 F.2d 177, 180 (8th Cir. 1987) (internal marks omitted) (quoting *Untied States v. Moore*, 735 F.2d 289, 293 (8th Cir. 1984)). The Eighth Circuit Court of Appeals has acknowledged, however, that "the cross-examination of a criminal defendant about his or her prior criminal record merits special care. The details of the prior conviction may be collateral, and the jury may view the evidence of past guilt as an indication of present guilt." *Id*. "The scope of . . . cross-examination [should be] strictly limited in order (1) to avoid the inherent confusion that would result from the trial of collateral issues, and (2) to avoid unfairness to the witness." *United States. v. Swanson*, 9 F.3d 1354, 1357 (8th Cir. 1993). The court finds that presentation of evidence related to the nature of Defendant's prior convictions would lead to "inherent confusion" and to an unnecessary discussion of "collateral issues." *Id*. Accordingly, the court shall not allow the government to cross-examine Defendant regarding "specific details surrounding [the] prior convictions" or the nature of the convictions, themselves. *Id*. However, a "'different situation is presented when an accused, on direct examination, attempts to explain away the effect of the conviction or to minimize his guilt. In such cases, the defendant may be cross-examined on any facts which are relevant to the direct examination.'" *Id*. (quoting *Amahia*, 825 F.2d at 180).

Accordingly, the Motion is **DENIED** to the extent it seeks to bar the government from impeaching Defendant with the fact of his 1997 felony convictions. The government may impeach Defendant with the fact of the convictions, the date of the convictions, the fact that the convictions were felonies and the name of the court in which Defendant was convicted.

The Motion is **GRANTED** to the extent it seeks to bar the government from presenting evidence related to the nature and details of the convictions. If the government wishes to present this evidence, it will have to make a showing of how the nature of the convictions and the details are relevant to the impeachment. If Defendant makes the nature and underlying facts of the convictions relevant in his direct-examination, the government may inquire into the nature and details of the convictions on cross-examination.

### B. Recent State Charges

The government states that it will not introduce evidence related to the nature of Defendant's recent state charges, "unless [D]efendant somehow opens the door to its admission." Resistance at 2. Accordingly, the Motion is **GRANTED** as unresisted to the extent it seeks to exclude evidence related to Defendant's recent state charges. If the government feels that Defendant has "opened the door" to the admission of this evidence, the government shall request a sidebar.

### C. Defendant's Location Upon Arrest

The court finds that Defendant's location upon arrest is relevant evidence. *See* Fed. R. Evid. 401. Accordingly, the Motion is **DENIED** to the extent it seeks to exclude evidence related to Defendant's location upon arrest.

### D. Approaching Witnesses

At the final pre-trial conference, the court suggested that Defendant's stand-by counsel approach witnesses with exhibits, if necessary. Defendant now requests that the government be ordered to follow the same procedure. The court will utilize the following

procedure: prior to the start of evidence on each day of trial, the parties shall provide the courtroom deputy with the exhibits they plan to introduce. The courtroom deputy will then provide the witnesses with these exhibits upon a party's prompt.

### *IV. CONCLUSION*

In light of the foregoing, the Motion (docket no. 59) is **GRANTED IN PART** and **DENIED IN PART**. The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.

**IT IS SO ORDERED.**

**DATED** this 30th day of December, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA