# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-23-LRR |
| vs. | **ORDER** |
| JASON HARRIMAN, | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are Defendant Jason Harriman's "Motion for Judgment of Acquittal" (docket no. 95) and "Motion for New Trial" (docket no. 96).

## II. RELEVANT PRIOR PROCEEDINGS

On April 2, 2010, a grand jury returned a three-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charged Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 3 charged Defendant with receipt of a firearm by a person under indictment for a felony, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D).

On December 14, 2010, Defendant filed a Motion (docket no. 32) requesting that the court allow him to proceed pro se. On December 15, 2010, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 36) granting Defendant's Motion to proceed pro se. On that same date, Judge Scoles entered an Order (docket no. 34) granting the government's Motion to dismiss Count 3 of the Indictment.

From January 3, 2011 to January 6, 2011, the court held a jury trial on Counts 1 and 2 of the Indictment. Assistant United States Attorney Robert Teig represented the government. Defendant represented himself with stand-by counsel Attorney JoAnne Lilledahl. On January 6, 2011, the jury returned guilty verdicts on Counts 1 and 2.

Following the jury's verdicts, Defendant requested that Attorney JoAnne Lilledahl be appointed to represent him for post-trial matters.

On January 20, 2011, Defendant filed the Motions. On January 26, 2011, the government filed a Resistance (docket no. 98).

### III. RELEVANT FACTUAL BACKGROUND

Viewed in the light most favorable to the verdicts, the facts are as follows:

#### A. *Defendant*

Defendant is a resident of Tama County, Iowa. He stipulated to the fact that he is a felon.

#### B. *Possession of the Rifle*

In March of 2009, the Isaac Walton League of Tama County ("League") held a fundraising dinner. Attendees could purchase raffle tickets. Raffle prizes included televisions, guns and other items. One of the prizes was a 1022 Ruger rifle 9. Defendant won the rifle. After the raffle, Defendant told Eugene Brown, the League's president, that Defendant did not have the necessary permit to immediately take possession of the gun. He indicated to Brown that his brother had a permit. A week or two later, Defendant called Brown and asked if he could come to Brown's house and get the gun. Defendant and his brother, David Harriman, Jr., went to Brown's house and retrieved the gun.

In September of 2009, Tama County law enforcement began investigating Defendant. On September 28, 2009, Tama County Sheriff's Deputies Rodney Drummer and Chad Hansen went to Defendant's residence; they were unable to make contact with Defendant or anyone inside the house. Following a traffic stop of his car, David Harriman, Sr. told Deputy Drummer that he had been living at Defendant's house for approximately two weeks and gave Deputy Drummer permission to enter the residence and look for Defendant. Officers entered the house and found Defendant behind a couch.

Eventually, law enforcement received a search warrant for the residence. During the execution of the warrant, law enforcement found the Ruger rifle and a box of ammunition.

### C. Possession of the Glock

In September of 2009, Defendant was released from state custody on bond. He had an electronic monitoring bracelet on his ankle. On October 23, 2009, James Buck contacted Tama County law enforcement and reported that he had information concerning Defendant. Buck told Deputy Drummer that Defendant asked him to purchase a handgun from an unknown Hispanic man in Marshalltown, Iowa. Buck told Deputy Drummer that Defendant did not want to speak about procuring a gun, because he believed that his electronic monitoring bracelet recorded what he said.

Upon receipt of this information, Deputy Drummer spoke to colleagues regarding the possibility of a controlled sale of a handgun to Defendant. Law enforcement decided to use a Glock 22 40-caliber semiautomatic handgun for the controlled sale. Law enforcement agents met Buck south of Defendant's house in Traer, Iowa. Buck called Defendant to tell him that he had a friend that could provide Defendant with a gun. The call was recorded. After the call, Buck and an undercover agent went to Defendant's house. Buck was wearing a wire recording device. In Defendant's garage, Defendant gave the undercover agent seven $50 bills for the handgun. After the controlled sale, law enforcement arrested Defendant.

### D. Firearms and Interstate Commerce

The parties stipulated that both the rifle and the handgun had been transported in interstate commerce and that both were firearms as defined by the relevant statutes.

## IV. MOTION FOR JUDGMENT OF ACQUITTAL

### A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is

insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). "The court may reserve decision on the motion, proceed with trial[,]. . . submit the case to the jury, and decide the motion either before the jury returns or is discharged after it returns a verdict of guilty[.]" Fed. R. Crim. P. 29(b). It is well-settled that jury verdicts are not lightly overturned. *See, e.g., United States v. Peneaux*, 432 F.3d 882, 889 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). That task is for the jury. *Id.*

## *B. Analysis*

Defendant moves for a judgment of acquittal on both Counts 1 and 2. He argues that there was insufficient evidence to support the jury's verdicts. To prove the crime of being a felon in possession of a firearm, the government must prove the following elements:

> *One*, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> *Two*, the defendant thereafter knowingly possessed a firearm; and

4

> *Three*, the firearm was transported across a state line at some time before the defendant possessed it.

Final Jury Instructions 13 and 14 (docket no. 82); 18 U.S.C. §§ 922(g)(1).

The parties stipulated to elements one and three. Accordingly, the only issue at trial was whether Defendant possessed the rifle for Count 1 and the handgun for Count 2. Viewing the evidence in the light most favorable to the verdicts, as set forth above, the court concludes that sufficient evidence supports the jury's verdicts on Counts 1 and 2. Accordingly, the court shall deny the Motion for Judgment of Acquittal.

### V. MOTION FOR NEW TRIAL

#### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (citation omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters,* 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

The court's standard of review differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007).

## *B. Analysis*

Defendant moves for a new trial based on three grounds: (1) "[t]he verdict is against the weight of the evidence with respect to both Counts 1 and 2"; (2) the court erred in giving its instruction regarding possession; and (3) "[t]he [c]ourt abused its discretion in sustaining the government's objection to the testimony of Karla Tow regarding a conversation she overheard between Jim Buck and Defendant[.]" Motion for New Trial at 1.

### *1. Weight of the Evidence*

For the reasons stated above, the court finds that the evidence does not weigh "heavily" against the verdict. *Peters,* 462 F.3d at 957. Accordingly, the court shall deny the Motion for New Trial to the extent it requests a new trial based on insufficiency of the evidence.

## 2. *Possession Instruction*

Defendant argues that the court erred by choosing not to give his proposed instruction regarding possession. Both parties submitted instructions regarding the meaning of "possession." The court chose to submit the Eighth Circuit Model Instruction regarding possession, which states:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.
>
> A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
>
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
>
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
> Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Final Jury Instruction No. 17; Eighth Circuit Model Instruction 8.02.

"'An instruction that correctly states the law is not erroneously given even if the defendant did not want it . . . as long as it relates to issues in the case and facts developed by the evidence.'" *United States v. Gibson*, 105 F.3d 1229, 1234 (8th Cir. 1997) (quoting *United States v. Nazarenus*, 983 F.2d 1480, 1487 (8th Cir. 1993)). The Eighth Circuit Court of Appeals has approved this instruction numerous times. *See United States v. Ali*, 63 F.3d 710, 716 (8th Cir. 1995) (collecting cases). Accordingly, the court shall deny the Motion for New Trial to the extent it requests a new trial based on an erroneous jury instruction.

### 3. *Karla Tow's testimony*

At trial, Defendant attempted to introduce Karla Tow's testimony regarding her conversation with Buck. The government objected on the basis of hearsay. The statements Defendant sought to admit were clearly hearsay. At trial, Defendant did not identify any recognized hearsay exception. Instead he argued that the statements were admissible, because Tow "witnessed [Defendant] saying something." This is not a recognized exception to the Federal Rule of Evidence disallowing hearsay.

Even if the court erred in excluding this evidence, any error was harmless. The evidence against Defendant, on both counts, was strong. Tow's testimony would not have affected the verdicts. Therefore, the court shall deny the Motion for a New Trial to the extent it requests a new trial based on this evidentiary ruling. *See United States v. Adams*, 604 F.3d 596, 600 (8th Cir. 2010) ("[I]mproper evidentiary rulings are subject to harmless error analysis and will be disregarded if there is no substantial influence on the verdict.").

## VI. CONCLUSION

In light of the foregoing, the Motion for Judgment of Acquittal (docket no. 95) and the Motion for New Trial (docket no. 96) are **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 4th day of April, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA