**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JASON HARRIMAN,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 14-CV-100-LRR<br>No. 10-CR-023-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION AND PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . *1*

*II.  EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.   Ineffective Assistance of Counsel Claims* . . . . . . . . . . . . . . . . . . . . *3*
        *1.   Motion to suppress* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *2.   Entrapment defense* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    *B.   Tenth Amendment Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*IV.  CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . *14*

*V.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *15*

*I.   INTRODUCTION AND PROCEDURAL HISTORY*

The matter before the court is Jason Harriman's ("the movant") pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion") (civil docket no. 1), filed on September 2, 2014. On September 8, 2014, the court directed the government to file a brief in response to the Motion and further directed the movant's counsel to file an affidavit responding to the movant's claims of ineffective assistance of counsel. *See* Sept. 8, 2014 Order (civil docket no. 3). On October 7, 2014, the movant's counsel filed an affidavit with the court. *See* Counsel Affidavit (civil docket no. 6). On November 6, 2014, the government filed its Resistance (civil docket no. 7). On December

23, 2014, the movant filed a Reply (civil docket no. 10). The Motion is fully submitted and ready for decision.

## II. EVIDENTIARY HEARING

The district court must determine whether an evidentiary hearing is required on a motion brought under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(b). "A petitioner is entitled to an evidentiary hearing on a [§] 2255 motion unless 'the motion and the files and the records of the case conclusively show that he is entitled to no relief.'" *Holder v. United States*, 721 F.3d 979, 993 (8th Cir. 2013) (alteration omitted) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)). "A § 2255 motion 'may be dismissed without hearing if (1) movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.'" *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013) (alteration omitted) (quoting *Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001)). In other words, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo-Lopez*, 541 F.3d at 817).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a); *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. *See Holder*, 721 F.3d at 993. Specifically, the record indicates that the movant's claims fail because counsel represented the movant in a manner that comports with the requirements of the Sixth

Amendment and the movant's conviction does not run afoul of the Tenth Amendment. As such, the court finds no need for an evidentiary hearing.

## III. ANALYSIS

The movant claims that he is entitled to § 2255 relief because (1) counsel provided ineffective assistance by failing to file a motion to suppress evidence, (2) counsel provided ineffective assistance by failing to advise the movant about an entrapment defense and (3) the court lacked jurisdiction over the movant's crime because the firearms transactions at issue did not implicate interstate commerce. *See* Motion at 4. The court will address each of the movant's claims separately.

### A. Ineffective Assistance of Counsel Claims

"The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions." *Basham v. United States*, 811 F.3d 1026, 1028 (8th Cir. 2015) (citing U.S. Const. amend. VI; *Powell v. Alabama*, 287 U.S. 45 (1932); *Johnson v. Zerbst*, 304 U.S. 458 (1938); *Gideon v. Wainwright*, 372 U.S. 335 (1963)). To succeed on a claim of ineffective assistance of counsel in violation of the Sixth Amendment, the movant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Weaver v. United States*, 793 F.3d 857, 860 (8th Cir. 2015). Under *Strickland*, the movant "must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced [him]." *Basham*, 811 F.3d at 1028; *see also Strickland*, 466 U.S. at 687 ("First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense.").

"To demonstrate deficient performance, a [movant] 'must show that counsel's representation fell below an objective standard of reasonableness.'" *Kelly v. United States*, 819 F.3d 1044, 1047 (8th Cir. 2016) (quoting *Strickland*, 466 U.S. at 688). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland*,

3

466 U.S. at 687. The court's assessment of counsel's performance must take into account all of the relevant circumstances "viewed as of the time of counsel's conduct." *Id.* at 690. "The [movant] bears the burden to overcome the strong presumption that counsel's performance was reasonable." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013). To demonstrate prejudice, "[t]he [movant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014) (quoting *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011)).

### 1. *Motion to suppress*

The movant argues that counsel provided ineffective assistance by failing to file a motion to suppress evidence seized during the execution of a search warrant at the movant's home. *See* Motion at 10-13. The warrant authorized a search of the movant's home for the movant and various items of clothing thought to contain "blood or other DNA evidence" related to a domestic assault allegation. *See* Exhibit A to Motion (civil docket no. 1-1) at 2-3. The movant was arrested prior to the execution of the search warrant and his clothes were seized and inventoried when he was booked at the jail. *See* Transcript of Jury Trial Vol. I (criminal docket no. 165) at 10-11 (testimony that officers executed the warrant after arresting the movant); *see also* Exhibit B to Motion (civil docket no. 1-2) at 2 (inventorying clothing seized from the movant at booking). The movant claims that, at the time of his arrest, he was wearing the same clothing described in the search warrant. *See* Motion at 11. The movant further argues that it should have been "apparent" to officers that he was wearing the clothing from the search warrant, and that the search warrant became "void" at the time of his arrest because, at that point, all of the items

authorized by the search warrant were in law enforcement custody. *See id.* On this ground, the movant argues that execution of the search warrant violated the Fourth Amendment and counsel was ineffective for failing to file a motion to suppress. *See id.*

The movant does not claim that the search warrant was unsupported by probable cause at the time it was authorized. Therefore, to show that counsel committed error, the movant must show that it was objectively unreasonable for counsel not to file a motion to suppress based on the execution of the search warrant. *See Strickland*, 466 U.S. at 688. The movant describes a peculiar factual scenario wherein he claims that he wore each of the items listed in the search warrant at the time he was arrested—prior to the execution of the search warrant. However, the movant never informed counsel or counsel's investigator of such facts during counsel's representation of the movant, despite numerous meetings in which counsel reviewed discovery with the movant. *See* Counsel Affidavit ¶ 14.[1] Nor did he request a motion to suppress on this or other grounds. *See id.* Based on the discovery and counsel's own investigation, counsel has "no memory" of being aware of the facts now described by the movant. *See id.* Because counsel's investigation

---

[1] The movant argues that the record contradicts counsel's statement that she reviewed discovery with the movant. *See* Reply at 2. However, the movant points only to his own statements, made at the Final Pretrial Conference ("FPTC"), to allegedly contradict counsel's statements. *See id.*; *see also* Transcript of FPTC (criminal docket no. 172) at 10. At the FPTC, the court informed the movant about how he could review juror questionnaires prior to jury selection, in light of the fact that the movant was detained and proceeding to trial pro se. *See* Transcript of FPTC at 8-10. The court instructed the movant to contact counsel (then serving as standby counsel) when the movant wished to review the questionnaires, and she or someone from her office would bring them to the jail. *Id.* at 9. The movant resisted the arrangement because he felt that counsel did not "have a whole lot of time to come over and spend all day to allow [the movant] to sit there and review" the questionnaires and because he had not yet "had a chance to really sit down and go through" other discovery materials already in his possession. *Id.* These statements do not contradict counsel's statements in her affidavit and the court will consider counsel's statements in analyzing the Motion.

and review of the discovery materials did not reveal facts supporting a motion to suppress, and the movant did not inform counsel of such facts or otherwise request that a motion be filed, it was not objectively unreasonable for counsel not to file the motion. *Cf. Anderson v. United States*, 762 F.3d 787, 792-93 (8th Cir. 2014) (finding counsel was not deficient for failing to request a *Franks* hearing where the movant "did not allege that he provided his attorney with factual information that would have led counsel reasonably to conclude that a *Franks* hearing was warranted").

Additionally, the movant cannot establish prejudice because he cannot show, based on the underlying facts, that a motion to suppress would be meritorious and that there is a "reasonable probability that the verdict would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *accord Hogan v. Kelley*, __ F.3d __, __, 2016 WL 3383944, at *2 (8th Cir. Jun. 20, 2016); *see also DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) ("[I]f there is no reasonable probability that [a] motion would have been successful, [the movant] cannot prove prejudice."). Assuming *arguendo* that the facts of the movant's arrest rendered the search warrant invalid and led to a search in violation of the Fourth Amendment, there is no reasonable probability that the evidence obtained would be suppressed. Evidence seized in violation of the Fourth Amendment will not be suppressed at trial if it is "seized pursuant to a search warrant later determined to be invalid, [and] the executing officer's reliance upon the warrant was objectively reasonable." *United States v. Conant*, 799 F.3d 1195, 1201 (8th Cir. 2015). Application of this so-called *Leon* good faith exception depends on "the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Hopkins*, 824 F.3d 726, 733 (8th Cir. 2016) (quoting *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984)).

Here, a valid search warrant authorized officers to search the movant's home for items of clothing thought to contain blood or DNA evidence associated with a domestic

assault, during which the movant reportedly cut his ex-wife's throat with a kitchen knife. *See* Exhibit A to Motion at 2-3. The movant argues that it should have been apparent to officers that he was wearing the same clothing, such that a reasonable officer would have known that the eventual search of his home was illegal despite the warrant. *See* Motion at 11-13. However, the record provides scant support for the movant's argument. The reported assault occurred the night before the movant's arrest and subsequent search of his home. *See* Exhibit A to Motion at 3 (search warrant affidavit stating that the movant's ex-wife reported that the movant assaulted her "last night"); Transcript of Jury Trial Vol. I at 9-11 (testimony that the search warrant application, the movant's arrest and the search warrant execution all happened on the same day). From this fact, a reasonably well trained officer could assume that the movant changed clothes during the day that had passed since the assault. Further, officers believed that the clothing would be bloody and they had information that the movant made attempts to conceal the assault. *See* Exhibit A to Motion at 3 (reporting statements from the movant's ex-wife that the movant "wiped the knife" after using it to assault her and attempted to dissuade her from reporting the assault to medical providers). From these facts, a reasonably well trained officer could assume that the movant had removed the possibly bloody clothing to conceal them from detection. In short, even if officers noticed basic similarities between the clothing described in the search warrant and the clothing worn by the movant during his arrest, they could reasonably conclude that the clothing was not in fact the same. *See Conant*, 799 F.3d at 1202 (requiring consideration of "the totality of the circumstances in assessing the objective reasonableness of an officer's execution of a warrant . . . ."). As such, their reliance on the search warrant was objectively reasonable.

The court further notes that there are no circumstances in this case that would preclude a finding of good faith. *See Hopkins*, 824 F.3d at 733 (describing four factors that preclude application of the *Leon* good faith exception). Additionally, the firearm and

ammunition seized during the search were found in plain view and/or in containers capable of concealing the items described in the search warrant, and the officers knew that the movant was a convicted felon barred from possessing firearms and ammunition. *See* Transcript of Jury Trial Vol. I at 11, 20 (officer testimony that the ammunition was found in plain view on a shelf on the movant's porch and the firearm was found in a box among a pile of items on the movant's porch); *see also United States v. Nichols*, 344 F.3d 793, 798 (8th Cir. 2003) ("A lawful search extends to all areas and containers in which the object of the search may be found." (quoting *United States v. Schmitz*, 181 F.3d 981, 988 (8th Cir. 1999))); *id.* at 799 ("Under the plain view doctrine, . . . officers may seize an item if they have a lawful right of access to the item seized and the object's incriminating nature is immediately apparent."). Therefore, in light of the circumstances of the search, there is no reasonable probability that the motion to suppress urged by the movant would have been meritorious because, even if the search violated the Fourth Amendment, the evidence would have been admissible pursuant to the *Leon* good faith exception to the exclusionary rule.

In light of the foregoing, the movant can show neither deficient performance nor prejudice and his ineffective assistance of counsel claim fails with respect to counsel's failure to file a motion to suppress.

### 2. *Entrapment defense*

The movant argues that counsel provided ineffective assistance by failing to inform the court that the movant would present an entrapment defense at trial. Motion at 13. The court interprets the movant's argument as alleging ineffective assistance of counsel for failure to request an entrapment instruction. *See* Reply at 6 (quoting case law regarding an entrapment instruction); *see also Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009) (requiring that pro se postconviction pleadings be construed liberally).

Before analyzing the movant's claim with respect to entrapment, it is necessary to identify the scope of the court's analysis. On December 15, 2010—approximately three weeks before trial began—after conducting a hearing on the matter, the court granted the movant's motion to proceed to trial pro se. *See* Dec. 15, 2010 Order (criminal docket no. 36). From that date through the conclusion of trial, the movant represented himself and counsel served as standby counsel. Post-trial, the movant vacillated between representing himself and being represented by counsel.[2] A movant who has knowingly and voluntarily waived his right to counsel and has elected to proceed pro se cannot claim ineffective assistance of standby counsel. *See United States v. Foster*, 230 F.3d 1364, 2000 WL 1511762, at *1 (8th Cir. 2000) (unpublished table decision) (stating that, because there is no constitutional right to standby counsel, the defendant cannot claim ineffective assistance of standby counsel). The movant's claim with respect to the entrapment defense implicates pre-trial and trial proceedings. Therefore, the court will confine its analysis of counsel's performance to dates prior to December 15, 2010, during which period counsel represented the movant on such matters.

Counsel was not ineffective for failing to pursue an entrapment defense. Counsel and her investigator discussed with the movant the viability of an entrapment defense before the movant elected to proceed pro se. *See* Counsel Affidavit ¶ 15. However, after reviewing the evidence, counsel made a strategic decision not to pursue the entrapment

---

[2] On January 11, 2011, after the jury trial ended with guilty verdicts on two charges, the movant moved to have counsel reappointed. *See* Motion to Appoint Counsel (criminal docket no. 89). On January 12, 2011, the court granted the motion. *See* Jan. 12, 2011 Order (criminal docket no. 90). On May 11, 2011, during the first day of the movant's sentencing hearing, he again elected to proceed pro se with counsel serving as standby counsel. *See* Transcript of Sentencing Hearing (criminal docket no. 169) at 17-18. On May 12, 2011, on the second day of the movant's sentencing hearing, he again moved to have counsel reappointed and counsel represented the movant through the conclusion of the sentencing hearing. *See* Transcript of Continued Sentencing Hearing (criminal docket no. 170) at 17.

defense. *Id.* Counsel's strategic decision, made after a thorough investigation of the evidence, is "virtually unchallengeable," *Strickland*, 466 U.S. at 690, and the movant has failed to rebut the strong presumption that such strategy was professionally reasonable. In any event, the pre-trial deadline for proposing a "theory of defense" instruction for the court's review was December 20, 2010—five days after the movant began representing himself. *See* Criminal Trial Scheduling Order (criminal docket no. 9) at 4, 4 n.4 (requiring parties to discuss proposed jury instructions—including any "theory of defense" instruction—by December 20, 2010 and to submit them to the court by December 24, 2010, or, alternatively, requiring the movant to submit a "theory of defense" instruction for the court's in camera review by December 20, 2010). When the movant elected to proceed pro se, it was no longer counsel's responsibility to propose an entrapment instruction if the movant sought to pursue an entrapment defense; neither was it her responsibility to request an entrapment instruction at trial if the movant believed it to be warranted. *See, e.g.*, *McKaskie v. Wiggins*, 465 U.S. 168, 174 (1984) ("The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial."). Accordingly, because counsel made a strategic decision not to pursue an entrapment defense while still representing the movant, and because counsel's strategic decision did not foreclose the movant from pursuing such defense (and/or a corresponding jury instruction) when he proceeded pro se, the court concludes that counsel was not ineffective with respect to the entrapment defense.

Additionally, the court finds that no entrapment instruction would have been warranted even if counsel had requested it. "A valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." *United States v. Wynn*, __ F.3d __, __,

10

2016 WL 3568108, at *6 (8th Cir. Jul. 1, 2016) (alteration omitted) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). "To warrant an instruction, a defendant alleging entrapment must 'show that the government agents implanted the criminal design in his mind and induced him to commit the offense.'" *Id.* at *6 (quoting *United States v. Kendrick*, 423 F.3d 803, 807 (8th Cir. 2005)). "If the defendant exhibits any predisposition to engage in the criminal conduct, the district court need not instruct the jury on entrapment." *Kendrick*, 423 F.3d at 807 (quoting *United States v. Berg*, 178 F.3d 976, 980 (8th Cir. 1999)).

In arguing that an entrapment instruction was warranted, the movant describes a factual scenario wherein a friend, James Buck, and an undercover officer brought a firearm to the movant's home and gave the firearm to the movant without his consent. *See* Motion at 14. The movant claims that he simply loaned money to Buck so that Buck could buy a firearm but that he did not instruct Buck to purchase a firearm on his behalf. *See id.* However, testimony at trial painted a significantly different picture. Buck testified that the movant requested that he purchase a firearm for the movant while the movant was on home confinement related to pending state charges. *See* Transcript of Jury Trial Vol. II (criminal docket no. 166) at 5. Buck refused to purchase the firearm for the movant. *See id.* In the following days, the movant repeatedly requested that Buck reconsider the movant's request. *See id.*; *see also* Transcript of Jury Trial Vol. I at 40-42. After receiving many telephone calls from the movant regarding the firearm purchase, Buck reported the movant to law enforcement and cooperated with officers to orchestrate a sting operation. *See* Transcript of Jury Trial Vol. II at 5. During the sting operation, an undercover officer posing as a firearm seller accompanied Buck to the movant's home, where the movant purchased a firearm from the officer. *See id.* at 18-22. This evidence plainly demonstrates that the movant had a predisposition to engage in the criminal conduct—that is, to purchase a firearm—because he initiated the transaction by contacting

Buck prior to the eventual sting operation. The scenario that Buck testified to was corroborated by several other witnesses at trial. As such, an entrapment instruction was not warranted. Accordingly, any failure to request such instruction did not prejudice the movant.

In light of the foregoing, the movant can show neither deficient performance nor prejudice and his ineffective assistance of counsel claim fails with respect to the entrapment defense.

## B.  Tenth Amendment Claim

The movant argues that the statute under which he was convicted is unconstitutional under the Tenth and Fourteenth Amendments of the United States Constitution and that his conviction should therefore be vacated. *See* Motion at 14. Specifically, the movant claims that the firearm sale at issue lacked an interstate nexus because it was sold by one private individual to another private individual within the same state, such that it "no longer carried the interstate commerce label." *See id.* at 15. The movant concedes that he raised this issue on direct appeal. *See id.* at 14. However, the movant argues that the Eighth Circuit did not decide the issue and that a Supreme Court case decided after the direct appeal supports his Tenth Amendment claim. *See id.*

In the Eighth Circuit's opinion on the movant's direct appeal, it stated that the movant's "challenges to the district court's jurisdiction" and other arguments were "all either unpreserved, meritless, or moot." *United States v. Harriman*, 491 Fed. App'x 782, 784 (8th Cir. 2012). In other words, the Eighth Circuit decided that the movant's jurisdictional claim was baseless. The "challenge to the district court's jurisdiction" that the Eighth Circuit referred to is the same as the Tenth Amendment claim that the movant now raises in the Motion. *Compare* Appellant's Pro Se Supplemental Brief at 23-25, *United States v. Harriman*, 491 Fed. App'x 782 (8th Cir. 2012) (No. 11-2177) (arguing that the purchase of firearms was an intrastate transaction and, therefore, not subject to

federal jurisdiction under the Tenth Amendment), *with* Motion at 14-16 (arguing that the movant's conviction for his purchase of firearms violates the Tenth Amendment because it was a "purely local matter" outside the authority of the federal government). Therefore, it is clear to the court that the Eighth Circuit did, in fact, decide the instant Tenth Amendment issue on direct appeal.

"With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011). Such "rare exceptions" occur when a circumstance arises after a movant's direct appeal but before his § 2255 motion that "'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under § 2255." *Davis v. United States*, 417 U.S. 333, 346-47 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Such "complete miscarriage of justice" occurs when there is a change in the substantive law that makes "the *conduct* for which petitioner had been convicted and sentenced . . . lawful." *Sun Bear*, 644 F.3d at 705 (quoting *United States v. Addonizio*, 442 U.S. 178, 186-87 (1979)).

The movant contends that *Bond v. United States*, 134 S. Ct. 2077 (2014) amounts to a change in the law since his direct appeal and entitles him to relief under § 2255. *See* Motion at 14. In *Bond*, the Supreme Court analyzed a federal statute prohibiting the possession and use of chemical weapons. *Bond*, 134 S. Ct. at 2085-86. The Court concluded that the statute was inapplicable to the defendant in light of the "unusual" facts of the underlying case. *Id.* at 2093. In reaching its decision, the Court held that courts must not interpret a broadly termed federal statute to intrude on the states' police power unless there is "a clear indication that Congress meant to reach purely local crimes . . . ." *Id.* at 2090. *Bond* does not amount to a change in the substantive law that renders the movant's conduct lawful. Therefore, the movant cannot show a "complete miscarriage of

13

justice" required to relitigate an argument decided on direct appeal and his Tenth Amendment claim fails on that ground.

However, even if the movant were raising his argument in the first instance, the court would find that it lacks merit. In *Bond*, the Supreme Court explicitly reaffirmed the validity of 18 U.S.C. § 922(g)—the statute under which the movant was convicted—by observing that the law does not improperly intrude on a state's police power if there is "proof of a connection to interstate commerce." *Id.* at 2089 (citing *United States v. Bass*, 404 U.S. 336, 351 (1971)). At trial, the movant stipulated that the firearms at issue had been transported in interstate commerce. *See Harriman*, 491 Fed. App'x at 783. Therefore, there was proof of a connection to interstate commerce and no intrusion on the state's police power occurred. Accordingly, the court shall deny the Motion with respect to the Tenth Amendment claim.

## IV. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals." 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further

proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant cannot make the requisite "substantial showing" with respect to the claims that raised in the Motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because the movant does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If the movant desires further review of the motion, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. CONCLUSION

The court has thoroughly reviewed the record and finds that the denial of the Motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)

("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's claims do not justify relief, and there is no basis to grant a certificate of appealability.

**IT IS THEREFORE ORDERED**:

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

(2) A certificate of appealability is denied.

**DATED** this 30th day of August, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA